UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE<br>　　　　　　　　Plaintiff,<br>v.<br>SOTIL TREE SERVICE, LLC AND RICHARD SOTIL,<br>　　　　　　　　Defendants. | CASE NO. 3:12-cv-1184<br><br><br><br>AUGUST 14, 2012 |

## NOTICE OF REMOVAL

Both Defendants hereby give notice of their removal of the above-captioned case on the following grounds:

1.　　Defendants, Sotil Tree Service, LLC and Ricardo L. Sotil (referred to by Plaintiff as Richard Sotil), are the named Defendants in a civil action, Docket No. HHD-CV-12-6033913-S, returnable to the Connecticut Superior Court, Judicial District of Hartford, on August 14, 2012 (the "Superior Court Action"). A true copy of the summons, complaint and statement of amount in demand are attached as Exhibit A and constitute all process, pleadings and orders served on Defendants in the Superior Court Action.

2.　　As evidenced by the attached Return of Service, Exhibit B, a copy of the summons, complaint and statement of amount in demand was served on both Defendants on July 19, 2012. Neither Defendant nor their counsel had any prior notice of the Superior Court Action. Defendants file their Notice of Removal within 30 days of their receipt of the summons, complaint and statement of amount in demand and within 30 days of the date on which the Superior Court Action became removable.

3. The Superior Court Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff purports to allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Complaint, Count Five, ¶ 42). The Superior Court Action is removable to this Court pursuant to 28 U.S.C. § 1441(b), (c).

4. The Superior Court Action is not a nonremovable action as described in 28 U.S.C. § 1445.

5. Promptly after the filing of this Notice of Removal, Defendants will file a copy of their Notice of Removal with the Superior Court and give written notice thereof to Plaintiff through his counsel of record.

**SOTIL TREE SERVICE, LLC
AND RICARDO SOTIL**

By: /s/ Glenn A. Duhl
Glenn A. Duhl ct03644
Siegel, O'Connor,
    O'Donnell & Beck, P.C.
150 Trumbull Street
Hartford, CT 06103
Tel.: (860) 280-1215
Fax: (860) 527-5131
gduhl@siegeloconnor.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2012, a copy of the foregoing Notice of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                /s/ Glenn A. Duhl
                Glenn A. Duhl ct03644

RETURN DATE: AUGUST 14, 2012

| | |
|---|---|
| JOHN DOE | SUPERIOR COURT |
| | |
| | JUDICIAL DISTRICT OF |
| | HARTFORD |
| V. | AT HARTFORD |
| | |
| SOTIL TREE SERVICES and | |
| RICHARD SOTIL | JULY 18, 2012 |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, JOHN DOE,[1] is a 39-year-old, Hispanic man who worked for DEFENDANT Sotil Tree Services and it's principal, DEFENDANT Richard Sotil (hereinafter collectively "Sotil") commencing in the summer of 2007 until December 23, 2011, when he was terminated.

2. In January 2011, PLAINTIFF was hospitalized for several days with a serious bout of pneumonia. During this hospital stay, PLAINTIFF slipped into a coma on at least two separate occasions.

3. Doctors determined that the reason PLAINTIFF slipped into comas was due to his severely depressed immune system.

4. It was during that hospital stay that PLAINTIFF first learned that he was HIV-positive and, in fact, has AIDS (hereinafter collectively referred to as "HIV/AIDS").

---

[1] Pursuant to Conn. Gen. Statutes Sec. 19a-583(10)(B), the Plaintiff's real identity is being substituted by the pseudonym "John Doe."

EXHIBIT A

5. PLAINTIFF was devastated by these news as it is difficult to envision a more distressing diagnosis.

6. PLAINTIFF told no one of his HIV/AIDS diagnosis for fear of the social stigma that invariably attaches to those with this deadly disease.

7. PLAINTIFF feared being treated as an outcast and attempted to return to as normal a life as quickly as possible under the circumstances.

8. For these reasons, shortly after being discharged from the hospital, PLAINTIFF returned to work for Sotil and resumed his job responsibilities.

9. PLAINTIFF most certainly did not want others to learn of his HIV/AIDS diagnosis.

10. During those initial days after his diagnosis, PLAINTIFF underwent a battery of medical tests and was prescribed a regiment of drugs intended to bolster his immune system. This powerful cocktail of medications required frequent monitoring and calibrating which, in turn, required frequent visits to his medical providers. PLAINTIFF took pains to schedule these numerous visits after work or on his days off so as to not disclose his condition to anyone at Sotil.

11. PLAINTIFF was prescribed numerous medications which he must take several times a day and he has been cautioned by his doctors that he must take these medications throughout the day as prescribed or risk serious health complications and/or death.

12. On several occasions, Mr. Sotil witnessed PLAINTIFF ingest his numerous medications and asked PLAINTIFF why he needed so many medications. PLAINTIFF initially responded by feigning several fictitious illnesses. After several similar exchanges, Mr. Sotil

expressed his skepticism and PLAINTIFF became convinced that Mr. Sotil did not believe his fictitious illnesses.

13. After much consideration, PLAINTIFF determined that he could no longer hide his condition from Mr. Sotil. It was then that PLAINTIFF confided in Mr. Sotil and informed him of his HIV/AIDS status.

14. PLAINTIFF specifically told Mr. Sotil, as his employer, to hold this information in confidence. PLAINTIFF told Mr. Sotil that he was adamant that he did not wish for anyone else to know of his HIV/AIDS status.

15. Despite PLAINTIFF's repeated requests to Mr. Sotil to not tell anyone of his HIV/AIDS status, Mr. Sotil eventually informed all of PLAINTIFF's co-workers and, upon information and belief, has impermissibly disseminated this confidential medical information beyond those employed at Sotil.

16. Immediately after notifying Mr. Sotil of his HIV/AIDS status, PLAINTIFF began to be subjected to an extremely hostile work environment. Co-workers began to accuse PLAINTIFF of being a homosexual and began referring to him in derogatory terms.

17. On several occasions, PLAINTIFF was physically confronted by co-workers who wished to fight the "fag" and "queer." PLAINTIFF was subjected to this extremely hostile environment for approximately one year. Despite this hostile environment, PLAINTIFF had no option but to remain at Sotil for financial reasons given the extraordinary expense of the many medications that are keeping PLAINTIFF alive.

18. This hostility culminated in an exchange that took place between Mr. Frank Dodd, another Sotil employee, and PLAINTIFF on or about the morning of December 9, 2011. On that

morning, Mr. Dodd and PLAINTIFF where at a property located 145 New Gate Road in East Granby and were both maneuvering equipment into place when Mr. Dodd inexplicably became extremely irate and verbally abusive toward PLAINTIFF. PLAINTIFF had simply notified Mr. Dodd that he was preventing several vehicles from passing on the narrow road because he was blocking part of the roadway with his truck.

19. Mr. Dodd's reaction was extreme and laced with racial epitaphs and other derogatory name-calling. PLAINTIFF was stunned and shocked at Mr. Dodd's response and verbal barrage which was witnessed by the owner of the property and by Mr. Gilberto Campos, another Sotil employee.

20. That same afternoon, Mr. Sotil called PLAINTIFF and informed me that PLAINTIFF was terminated effective December 23, 2011. Notably, Mr. Dodd was not terminated at that time despite the fact that he was the person that had become irate and verbally abusive.

21. Around the time that PLAINTIFF was notified by Mr. Sotil that he was being terminated, PLAINTIFF had lodged a complaint with the United States Department of Labor ("DOL") alleging that Sotil was not in compliance various Wage and Hours laws because, among other things, Sotil was not paying PLAINTIFF and other employees the applicable overtime wage. On or about the time that PLAINTIFF was terminated, the DOL had written to Sotil notifying Sotil that DOL was commencing an investigation into Sotil's employment practices as a result of PLAINTIFF's complaint to the DOL.

22. Sotil's negligent and unauthorized dissemination of my medical condition to others was in direct violation of state and federal law and violated his constitutionally recognized right of privacy.

23. PLAINTIFF's termination from employment was in violation of various state and federal laws because it was motivated because of PLAINTIFF's medical condition.

24. Alternatively, PLAINTIFF termination was in retaliation for having lodged a complaint with the DOL for unpaid overtime wages that PLAINTIFF is owed by Sotil.

## II. COUNT ONE - INVASION OF THE RIGHT TO PRIVACY

25. The PLAINTIFF restates, re-alleges and incorporates by reference paragraphs 1 through 24, above.

26. Sotil's negligent and unauthorized dissemination of PLAINTIFF's medical condition to others was in direct violation of state and federal law and violated PLAINTIFF's constitutionally recognized right of privacy.

27. Specifically, Conn. Gen. Stat. Sec. 19a-590, among others, holds any person who impermissibly disseminates confidential HIV-related to others strictly liable in a private cause of action for injuries suffered as a result of such violation and damages shall be assessed in the amount sufficient to compensate said individual for such injuries.

28. PLAINTIFF has suffered extreme shame, embarrassment and humiliation as a direct result of Sotil's negligent invasion of PLAINTIFF's privacy through the unauthorized dissemination of PLAINTIFF's confidential medical condition in an amount to be proven at trial.

## III. COUNT TWO- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. The PLAINTIFF restates, re-alleges and incorporates by reference paragraphs 1 through 28, above.

30. As PLAINTIFF's employer, Sotil owed a duty of care to PLAINTIFF to protect PLAINTIFF's confidential medical information and to avoid the dissemination of same to unauthorized individuals.

31. Sotil breached this duty of care by disseminating PLAINTIFF's confidential medical information to others not authorized or otherwise permitted to receive such information.

32. PLAINTIFF has sustained substantial damages which were proximately caused by the negligent and/or reckless actions of Sotil due his unauthorized dissemination of PLAINTIFF's confidential medical information.

## IV. COUNT THREE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. The PLAINTIFF restates, re-alleges and incorporates by reference paragraphs 1 through 32, above.

34. Sotil's unauthorized dissemination of PLAINTIFF's confidential medical condition was done intentionally and/or with careless disregard to PLAINTIFF's constitutionally protected right to privacy.

35. The actions of Sotil were wanton, reckless and willful and have caused PLAINTIFF significant injury and harm in an amount to be proven at trial.

## V. COUNT FOUR - DEFAMATION

36. The PLAINTIFF restates, re-alleges and incorporates by reference paragraphs 1 through 35, above.

37. Sotil's statements to others that PLAINTIFF is a homosexual are false.

38. Sotil's statements to other that PLAINTIFF is a homosexual have presented PLAINTIFF in a false light.

39. PLAINTIFF has suffered embarrassment, harassment and ridicule as a direct result of Sotil's false and defamatory statements in an amount to be proven at trial.

## VI. COUNT FIVE - WAGE AND HOUR VIOLATIONS

40. The PLAINTIFF restates, re-alleges and incorporates by reference paragraphs 1 through 39, above.

41. While employed by Sotil, PLAINTIFF routinely worked in excess of forty (40) hours per week.

42. Sotil routinely failed to pay PLAINTIFF time and a half for each hour worked in excess of forty (40) hours worked per week in violation of, among other provisions, the Fair Labor Standards Act ("FLSA").

43. Sotil was in violation of, among other laws, the FLSA and owes PLAINTIFF wages for hours worked for which he was not properly compensated in an amount to be proven at trial.

**WHEREFORE**, the Plaintiff respectfully requests:

1. As to Count One, money damages not less than $1,000,000, compensatory damages, and Plaintiff's costs, expenses, interest and attorneys' fees with respect to the Plaintiff's claims and this action.

2. As to Count Two, money damages not less than $1,000,000, compensatory damages, and Plaintiff's costs, expenses, interest and attorneys' fees with respect to the Plaintiff's claims and this action.

3. As to Count Three, money damages not less than $1,000,000, compensatory damages, punitive damages and Plaintiff's costs, expenses, interest and attorneys' fees with respect to the Plaintiff's claims and this action.

4. As to Count Four, money damages not less than $1,000,000, compensatory damages, exemplary damages and Plaintiff's costs, expenses, interest and attorneys' fees with respect to the Plaintiff's claims and this action.

5. As to Count Five, money damages not less than $1,000,000, compensatory damages, punitive damages and Plaintiff's costs, expenses, interest and attorneys' fees with respect to the Plaintiff's claims and this action.

6. As to all Counts, costs, together with interest and/or reasonable attorneys' fees.

7. As to all Counts, any other and further legal and equitable relief as this Court may deem just and proper consistent with the claims of the Plaintiff.

PLAINTIFF

JOHN DOE

By: _____
Manuel A. Suarez, Esq.
Law Offices of Manuel A. Suarez, Esq.
10 North Main Street, Suite 306
West Hartford, CT 06107
Tel. (860) 206-9962
Juris No. 411403

RETURN DATE:   AUGUST 14, 2012

| | | |
|---|---|---|
| JOHN DOE | : | SUPERIOR COURT |
| | : | |
| | : | JUDICIAL DISTRICT OF |
| | : | HARTFORD |
| V. | : | AT HARTFORD |
| | : | |
| | : | |
| SOTIL TREE SERVICES and | : | |
| RICHARD SOTIL | : | JULY 18, 2012 |

### STATEMENT OF AMOUNT IN DEMAND

The amount in demand in the above-captioned action is greater than $15,000.00 exclusive of interests, costs, and attorneys' fees.

PLAINTIFF

JOHN DOE

By: _____

Manuel A. Suarez, Esq.
Law Offices of Manuel A. Suarez, LLC
10 North Main Street, Suite 306
West Hartford, CT  06107
Tel.  (860) 206-9962
Juris 411403

STATE OF CONNECTICUT:
: SS. WEST HARTFORD    July 19, 2012
COUNTY OF HARTFORD :

      THEN and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service of the within original Writ, Summons Complaint, and Statement of Amount in Demand, by leaving a verified true and attested copy with and in the hands of Ricardo Sotil, whom is the duly authorized agent to accept service on behalf of the within named defendant:

**SOTIL TREE SERVICES, LLC**

At 10 Hartford Ave, Granby, CT

      ALSO, and by virtue hereof and by direction of the plaintiff's attorney, I made due and legal service of the within original Writ, Summons Complaint, and Statement of Amount in Demand, by leaving a verified true and attested copy with and in the hands of the within named defendant:

**RICHARD SOTIL**

At 10 Hartford Ave, Granby, CT

ROBERT W. ARSENAULT
CONNECTICUT STATE MARSHAL
P.O. BOX 270479 • WEST HARTFORD, CONNECTICUT 06127-0479



EXHIBIT B

THE WITHIN IS THE ORIGINAL WRIT, SUMMONS COMPLAINT, AND STATEMENT OF AMOUNT IN DEMAND, WITH MY DOINGS HEREON ENDORSED.

FEES:

| | |
|---|---:|
| SERVICE | 40.00 |
| TRAVEL | 52.60 |
| ENDORSEMENTS | 2.40 |
| PAGES | 20.00 |
| TOTAL | $115.00 |

ATTEST:

_____
ROBERT W. ARSENAULT
STATE MARSHAL
HARTFORD COUNTY

State of Connecticut
County of Hartford

ROBERT W. ARSENAULT
CONNECTICUT STATE MARSHAL
P.O. BOX 270479 • WEST HARTFORD, CONNECTICUT 06127-0479